**United States District Court**
**For the Northern District of California**

| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | NORTHERN DISTRICT OF CALIFORNIA |

JEVON EMILE MARSHALL,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

No. C 15-0785 NC (PR)

**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOITIVE MOTION OR NOTICE REGARDING SUCH MOTION**

## INTRODUCTION

Plaintiff Jevon Emile Marshall, a federal prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 challenging the seizure and sale of his automobile.[1] For the reasons stated below, the court orders service upon Defendants.

## DISCUSSION

### I. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v.*

---

[1] Plaintiff has consented to magistrate judge jurisdiction. (Docket No. 4.)

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**II. Plaintiff's Claim**

Plaintiff alleges that on November 19, 2010, he was arrested by various law enforcement agents of the Bureau of Alcohol Tobacco Firearms and Explosives' Special Response Team. Plaintiff subsequently pleaded guilty to a federal offense and is currently in federal custody. At the time of Plaintiff's arrest, Plaintiff owned a 1999 Oldsmobile Aurora automobile. Agents from the Special Response Team took possession of the automobile and impounded it. Subsequently, Plaintiff was informed that his automobile had been sold. No one ever informed Plaintiff of the impending sale prior to its release. Liberally construed, Plaintiff has stated claims of a violation of the Administrative Procedures Act, the Federal Tort Claims Act, and the Fifth and Fourteenth Amendments.

**CONCLUSION**

1. The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto, a magistrate judge consent form, and a copy of this order to **the United States of America, the Bureau of Alcohol Tobacco Firearms and Explosives, Todd Jones, and Justin Quinn** at **the Bureau of Alcohol Tobacco Firearms and Explosives**. The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to the United States Attorney's Office. Additionally, the clerk shall mail a copy of this order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be

2

1  required to bear the cost of such service unless good cause be shown for their failure to sign
2  and return the waiver form.  If service is waived, this action will proceed as if Defendants
3  had been served on the date that the waiver is filed, and Defendants will not be required to
4  serve and file an answer before **sixty (60) days** from the date on which the request for waiver
5  was sent.  Defendants are asked to read the statement set forth at the bottom of the waiver
6  form that more completely describes the duties of the parties with regard to waiver of service
7  of the summons.  If service is waived after the date provided in the Notice but before
8  Defendants have been personally served, the Answer shall be due **sixty (60) days** from the
9  date on which the request for waiver was sent or **twenty (20) days** from the date the waiver
10 form is filed, whichever is later.

11       3.     No later than **sixty (60) days** from the date the waivers are sent from the court,
12 Defendants shall file a motion for summary judgment or other dispositive motion with
13 respect to the cognizable claim in the complaint.  **At that time, Defendants shall also file**
14 **the magistrate judge consent form.**

15       Any motion for summary judgment shall be supported by adequate factual
16 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
17 Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**
18 **qualified immunity found, if material facts are in dispute.  If Defendants are of the**
19 **opinion that this case cannot be resolved by summary judgment, they shall so inform**
20 **the court prior to the date the summary judgment motion is due.**

21       4.     Plaintiff's opposition to the dispositive motion shall be filed with the court and
22 served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion
23 is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and
24 *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment
25 must come forward with evidence showing triable issues of material fact on every essential
26 element of his claim).

27       5.     Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after
28 Plaintiff's opposition is filed.

3

 6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

 7. All communications by the Plaintiff with the court must be served on Defendants or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

 8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

 9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:     May 20, 2015

NATHANAEL M. COUSINS
United States Magistrate Judge

P:\PRO-SE\NC\CR 2015\Marshall785serve.wpd

4