IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEVON EMILE MARSHALL, 15138-111,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendant. | No. C 15-00785 CRB (PR)<br><br>ORDER DENYING MOTION FOR RETURN OF PROPERTY UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 41(g)<br><br>(Dkt. #19) |

  Per order filed on November 4, 2015, the court granted defendants' motion to dismiss with prejudice plaintiff's instant pro se civil action for declaratory relief and damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680, the Administrative Procedures Act (APA), 5 U.S.C. §§ 701–06, and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), based on defendants' alleged mishandling of plaintiff's vehicle after his 2010 arrest. On that same date, the clerk entered judgment and closed the file.

  More than 60 days later, plaintiff filed a motion for return of property or its asserted value under Federal Rule of Criminal Procedure 41(g). Plaintiff's motion (dkt. #19) is DENIED. Plaintiff previously filed a motion for return of property or its asserted value under Federal Rule of Criminal Procedure 41(g) in plaintiff's federal criminal proceeding and the court (Alsup, J.) denied the motion on the merits. See United States v. Marshall, No. CR 10-0881 WHA, 2014 WL 2115318 (N.D. Cal. May 20, 2014) (order). Plaintiff cannot re-litigate his Rule 41(g) motion before a different judge in a different proceeding. After all,

a motion under Federal Rule of Criminal Procedure 41(g) by definition must be brought in a criminal, not a civil, proceeding.

**IT IS SO ORDERED.**

Dated: Feb. 11, 2016



CHARLES  R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.15\Marshall, J.15-0785.mtn_return_property.wpd

2